LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (SBN 88666)
E-Mail: glafayette@lkclaw.com
JASMINE L. ANDERSON (State Bar No. 252973)
E-Mail: janderson@lkclaw.com
1300 Clay Street, Suite 810
San Francisco, CA 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

Attorneys for Defendant
JOHN STIRLING, M.D.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA EGGE, M.D. | Case No. 5:17-cv-02842-BLF |
| Plaintiff, | **DEFENDANT JOHN STIRLING, M.D'S NOTICE OF MOTION AND MOTION TO TO DISMISS PURSUANT TO FRCP 12(b)(6)** |
| vs. | |
| COUNTY OF SANTA CLARA, a public entity; SANTA CLARA VALLEY MEDICAL CENTER, JOHN STIRLING, MD., PHOUNG NGUYEN, M.D., JEFFREY SMITH, M.D. and DOES 1-50, inclusive, | Date: January 25, 2018<br>Time: 9:00 a.m.<br>Ctrm: 3, 5th Floor<br>Judge: Hon. Beth Labson Freeman |
| Defendants. | Complaint filed: May 17, 2017 |

TO PLAINTIFF MELISSA EGGE, M.D., AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2018, at 9:00 a.m. or as soon thereafter as this matter may be heard, in Courtroom 3, 5th Floor of the above-entitled Court, located at 280 South 1st Street, San Jose, CA 95113, Defendant John Stirling, M.D. ("Defendant") will and hereby does move the Court for an order dismissing Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is made on the grounds that Plaintiff's third claim for promissory estoppel and fourth claim for breach of contract fail to state a claim upon which relief can be granted.

Defendant's Motion is based upon this Notice, the Memorandum of Points and Authorities file concurrently herewith, all pleadings and documents on file in the action, and on such other and further oral and documentary evidence as may be presented at or before the hearing on this matter.

DATED: August 25, 2017   LAFAYETTE & KUMAGAI LLP

By: */s/ Jasmine L. Anderson*
    JASMINE L. ANDERSON
    Attorneys for Defendant
    JOHN STIRLING, M.D.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

### I. INTRODUCTION

Imagine a world in which you promise to take your co-worker to lunch but then forget you made such plans. The co-worker, in turn, does not take it upon herself to grab lunch. Instead, she sues you for breaking your promise to take her to lunch. Illogical? Yes. Nevertheless, this nonsensical theory of liability is exactly the scenario for which Plaintiff Dr. Melissa Egge ("Plaintiff") sues Defendant Dr. John Stirling ("Dr. Stirling"). Even with the biggest stretch of imagination, Plaintiff has not and cannot state legally cognizable claims against her peer. Plaintiff avers two claims against Dr. Stirling: (1) promissory estoppel; and (2) breach of contract. Each fails as a matter of law.

Plaintiff cannot establish a promissory estoppel claim against Dr. Stirling. She alleges that Dr. Stirling promised to make a report of suspected child abuse to Child Protective Services. However, she fails to allege that she relied on Dr. Stirling's alleged promise. In addition, even if she did rely on this promise, such reliance was unreasonable because she had an independent legal obligation to report the suspicion of child abuse. Plaintiff cannot reasonably rely on a promise that she knows wholly contradicts her obligations under the law. Moreover, the damages for which Plaintiff seeks relief were caused by others, not Dr. Stirling. As such, she cannot allege an injury that is attributable to Dr. Stirling's purported conduct.

Plaintiff's breach of contract claim against Dr. Stirling also fails. Namely, Plaintiff states no facts demonstrating the existence of a contract between her and Dr. Stirling. Her reliance on the Santa Clara County Medical Center Bylaws is severely misplaced because the Bylaws, to which Dr. Stirling is neither a signatory nor a party, do not create a contractual relationship between Plaintiff and Dr. Stirling. Because no contract exists between these individuals, her breach of contract claim cannot survive.

As detailed more fully below, Dr. Stirling respectfully requests the Court grant his Motion in its entirety.

## II. FACTUAL ALLEGATIONS

### A. PLAINTIFF'S EMPLOYMENT WITH COUNTY OF SANTA CLARA

Plaintiff was hired by the County of Santa Clara (the "County") to work at the Santa Clara Valley Medical Center ("SCVMC") as a Child Abuse Pediatrician. (Complaint ¶ 13.) Defendant Dr. Stirling, an employee of the County, was the Director of the Center for Child Protection at Santa Clara Valley Medical Center. (Complaint ¶ 6.) Plaintiff, along with Dr. Stirling, alternated handling calls for child abuse issues for SCVMC. (Complaint ¶ 13.) As a doctor, Plaintiff was a mandatory reporter, meaning that Plaintiff was required to make a report to Child Protective Services ("CPS") whenever she reasonably suspected that a child has been a victim of abuse or neglect. (Complaint ¶ 15, n. 1.)

### B. PLAINTIFF IS CONSULTED ON A CASE OF SUSPECTED CHILD ABUSE

Plaintiff alleges that on July 3, 2015, a young child was admitted to SCVMC. (Complaint ¶ 14.) At that time, medical personnel believed that the child suffered two fractures. (*Id.*) The medical personnel consulted with Plaintiff shortly after midnight on July 4, 2014. (*Id.*) Plaintiff explained to the medical personnel that based on the information provided, Plaintiff did not suspect the child was a victim of child abuse and as such did not make a report to CPS. (Complaint ¶ 15.)

### C. PLAINTIFF DOES NOT REPORT SUSPECTED CHILD ABUSE TO CHILD PROTECTIVE SERVICES

In November 2015, the child's case was reviewed as part of a Quality Improvement review by the Orthopedic Review Committee. (Complaint ¶ 18.) The Committee became concerned that a report of suspected child abuse should be made to CPS. (*Id.*) Plaintiff discussed the matter with Dr. Stephen Harris, Chair of the Department of Pediatrics, who instructed Plaintiff to conduct a review of the child's file. (*Id.*) Based on her review of the file, Plaintiff formed an independent belief that a report of suspected child abuse should be made. (Complaint ¶ 19.)

Around November 17, 2015, Plaintiff discusses the child's case with Dr. Stirling. (*Id.*) Plaintiff claims that Dr. Stirling "agreed to file the CPS report." (*Id.*) Plaintiff waited a month,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

until December 22, 2015, to follow up with Dr. Stirling about the report. (*Id.*) She alleges that Dr. Stirling told her that he had not filed the report but would do so. (*Id.*) However and based on the allegations in the Complaint, Dr. Stirling did not believe a report should have been made. (Complaint ¶ 21.) Dr. Stirling apparently reviewed the child's file on December 24, 2015, and determined that "there was a low index of suspicion of child abuse, and therefore a CPS report was not warranted." (*Id.*) Nevertheless, even after forming the independent belief she suspected child abuse, does Plaintiff does not allege that she reported the suspected child abuse to CPS. (*see* Complaint.)

D. THE COUNTY SUSPENDS, THEN TERMINATES, PLAINTIFF'S EMPLOYMENT

Plaintiff claims that on April 21, 2016, SCVMC's Medical Executive Committee recommended suspending Plaintiff's medical privileges and staff memberships for six months. (Complaint ¶ 25.) The following day, Dr. Smith, the County's CEO, terminated Plaintiff's employment. (*Id.*)

III. LEGAL DISCUSSION

A. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for an order dismissing the Complaint for failure to state a claim upon which relief can be granted. A complaint may be dissed on grounds such as: (1) the lack of a cognizable legal theory; or (2) the absence of sufficient facts alleged under a cognizable legal theory. *Shoyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

To determine whether a pleading alleges sufficient facts, the Court must look at Rule 8(a)(2) of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), the Complaint must contain "a short and plain statement of claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the U.S Supreme Court clarified this obligation, holding that a plaintiff is required to allege facts sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A federal pleading must contain "more than labels and conclusions" or "formulaic recitation of the elements of a cause of action…" *Id.* Rather, a pleading must allege "enough facts" to nudge[] [the] claim[s] across the

line from conceivable to probable." *Id.* at 1974. Thus, a complaint is insufficient if it tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Additionally, a motion to dismiss under Rule 12(b)(6) is proper where the pleading includes allegations that, on their face, disclose an absolute defense or bar to recovery, such as immunity. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682; *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783, fn. 1 (9th Cir. 1997). Indeed, "[i]f the pleadings establish facts compelling a decision one way, that is as good as if depositions and other expensive obtained evidence on summary judgment establishes identical facts." *Id.*

B. <u>PLAINTIFF'S THIRD CLAIM FOR PROMISSORY ESTOPPEL FAILS AS A MATTER OF LAW</u>

1. <u>Plaintiff Cannot State a Claim for Promissory Estoppel</u>

"Promissory estoppel applies whenever a 'promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does not induce such action or forbearance' would result in an 'injustice' if the promise were not enforced." *Lange v. TIG Ins. Co.*, 68 Cal. App. 4th 1179-85 (1998) (quoting Rest.2d Contracts, § 90(1)). "Estoppel is not favored by the courts, and it is incumbent upon one who advances it to prove its dominant essentials, leaving nothing to surmise or questionable inference." *Landberg v. Landberg*, 24 Cal. App. 3d 742, 758-59 (1972).

To state a claim for promissory estoppel, Plaintiff must demonstrate: (1) a promise that is clear and unambiguous in its terms; (2) reliance; (3) that the reliance was both reasonable and foreseeable; and (4) damages caused by a breach of the agreement. *Shorter v. Peaches Uniforms, Inc.*, 2013 WL 268708, at *6 (E.D. Cal. Jan. 23, 2013); *Leitner v. Sadhana Temple of New York, Inc.*, 2014 WL 12588645, at *6 (C.D. Cal. June 10, 2014); *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887, 904 (2005). Plaintiff cannot prove reasonable reliance or damages caused by Dr. Stirling's alleged conduct.

a) <u>Plaintiff Alleges No Facts Demonstrating Her Reliance on Dr. Stirling's Alleged Promise or that any Reliance was Reasonable.</u>

To establish a promissory estoppel claim, Plaintiff must plead <u>facts</u> demonstrating that she reasonably relied on Dr. Stirling's alleged promise to submit a CPS report. "'The party claiming estoppel must specifically plead all facts relied on to establish its elements.'" *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1130 (N.D. Cal. 2009) (quoting *Smith v. City and County of San Francisco*, 225 Cal. App. 3d 38, 48 (1990)). Mere statements that one has "reasonably and justifiably" relied on a promise are insufficient to establish justifiable reliance. "If Plaintiff does not plead facts that show that it reasonably changed its position because of what was promised by Defendant, it cannot state a cause of action for promissory estoppel." *Gateway Rehab & Wellness Ctr., Inc. v. Aetna Health of California, Inc.*, 2013 WL 1518240, at *5 (C.D. Cal. Apr. 10, 2013). Absent allegations of "any facts demonstrating reliance," a promissory estoppel claim must fail. *Smith*, 225 Cal. App. 3d at 48.

Here, Plaintiff fails to allege any facts that would establish she relied on Dr. Stirling's purported promise. She merely claims that she "reasonably relied on Dr. Stirling's statement that he would make the CPS report." (Complaint ¶¶ 19-20.) Plaintiff does not allege what actions she did or did not take in reliance on the statement or that she reasonably changed her position in reliance thereof. Her naked assertion of "reasonably relying" on Dr. Stirling's alleged promise fails to satisfy Rule 8's pleading requirements. *See Rosal*, 671 F. Supp at 1130 (dismissing promissory estoppel claim because "vague and conclusory allegations" of reliance do not "satisfy the minimal notice pleading requirements of Rule 8"); *Gateway*, 2013 WL 1518240 at * 5 (dismissing promissory estoppel claim because "Plaintiff…failed to plead any facts showing that it reasonably relied on Defendant's representations."); *Smith*, 225 Cal. App. 3d at 48 (holding that appellants did not state a promissory estoppel claim because "other than their conclusory allegation that they reasonably and justifiably relied on the City's promises, appellants allege no facts demonstrating such reliance."). Because Plaintiff fails to allege any facts demonstrating reliance, the promissory estoppel claim should be dismissed.

Even if Plaintiff had sufficiently plead facts establishing reliance on Dr. Stirling's alleged statement to submit a CPS report, which she has not, Plaintiff cannot demonstrate that her reliance on the same was reasonable. Plaintiff admits that as a doctor, it was mandatory that she

report suspected child abuse to CPS. (Complaint ¶¶ 4, 23.); *see also* Cal. Pen. Code § 11165.7(a)(21) (defining a physician as a "mandatory reporter.") She further admits that on November 17, 2015, she formed the independent belief that a "CPS report should have been made." (Complaint ¶ 19.) Thus, on November 17, 2015, she was required by law to immediately report her suspicion of child abuse to CPS by telephone and follow up with a written report within 36 hours. Cal. Penal Code § 11166 ("The mandated reporter shall make an initial report by telephone to the agency immediately or as soon as is practicably possible, and shall prepare and send, fax, or electronically transmit a written followup report within 36 hours of receiving the information concerning the incident."). Moreover, Plaintiff admits that by December 22, 2015, she knew that Dr. Stirling had not submitted a report to CPS. (Complaint ¶ 20.) As a result, Plaintiff was under a mandatory legal obligation to report the suspected child abuse. This is because California Penal Code Section 11166(h) requires the following:

> "When two or more persons, who are required to report [a suspicion of child abuse], jointly have knowledge of a known or suspected instance of child abuse or neglect, and when there is agreement among them, the telephone report may be made by a member of the team selected by mutual agreement and a single report may be made and signed by the selected member of the reporting team. **Any member who has knowledge that the member designated to report has failed to do so shall thereafter make the report.**"

*Id.* (emphasis added).

Thus, even if Dr. Stirling again told Plaintiff in December he would submit the report, she could not rely on this promise by law. That comment could not and did not absolve her of her legal duty to act. As a result, Plaintiff could not rely on the alleged promise. Because Plaintiff admits that knew that she had a legal obligation to report her suspicions of child abuse, she could not reasonably rely on a promise to act in a manner contradictory to the law. *Advanced Choices, Inc. v. Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1672 (2010) (dismissing promissory estoppel claim and holding that a pharmacy owner could not reasonably on the Department's promise to make Medi-Cal payments under the prior owner's Medi-Cal provider number because the pharmacy owner knew it could use the prior owner's Medi-Cal provider number to obtain

**NOTICE OF DEFENDANT JOHN STIRLING, M.D'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**
 **(Case No. 5:17-CV-02842-BLF)** 6

payments under the Medi-Cal program). Accordingly, Plaintiff's promissory estoppel claim must fail.

### b) Plaintiff's Damages Were Caused by the Actions of Third Parties, Not Dr. Stirling.

Finally, to state a claim for promissory estoppel, Plaintiff must show that her damages were caused by Dr. Stirling's alleged breach of the promise to submit a CPS report. "Because promissory estoppel is viewed as an 'informal contract,' causation must be required as an element that a plaintiff must prove, just as in ordinary contract actions." *US Ecology, Inc. v. State*, 129 Cal. App. 4th 887 (2005). However, "where the actions of a third party, not the breaching party, cause a plaintiff's damages" there can be no claim against the breaching party for promissory estoppel. *Id.* Indeed, "it would be manifestly <u>unjust</u> to allow recovery in such a situation." *Id.* (emphasis in original). "A party allowed in equity to pursue a claim for promissory estoppel because it had no enforceable contract should not be placed in position better than one with an enforceable contract." *Id.*

Here, Plaintiff seeks damages resulting from her alleged suspension, termination, SCVMC's report to the medical board recommending suspension, and the County's "leak" of "erroneous and adverse information" about her termination to the press. (Complaint ¶¶ 25-26.) However, Plaintiff has not alleged, and cannot allege, that Dr. Stirling was involved in any of the actions for which she seeks damages. She admits that the Medical Executive Committee of SCVMC recommended the suspension and submitted the report recommending suspension to the Medical Board. (Complaint ¶¶ 25-26.) She admits that the CEO of Santa Clara County terminated her employment. (*Id.*) Moreover, she attributes her termination not to Dr. Stirling's supposed breach of a promise, but to "activities that arose in the context of her acting as a Quality Assurance Reviewer." (*Id.*) And she alleges that the County, leaked information about her termination to the press. (Complaint ¶ 27.) Thus, it is the actions of third parties, not Dr. Stirling that has caused Plaintiff's alleged damages. Therefore, Plaintiff's promissory estoppel claim cannot survive against Dr. Stirling as a matter of law.

///

### 2. Dr. Stirling's Alleged Conduct is Protected by Governmental Immunity

Assuming *arguendo* that Plaintiff stated a proper claim for promissory estoppel, Dr. Stirling is entitled to governmental immunity for any injuries resulting from his alleged promise and subsequent failure to submit a CPS report. "A public employee acting in the scope of his employment is not liable for an injury caused by his misrepresentation, whether or not such misrepresentation be negligent or intentional, unless he is guilty of actual fraud, corruption or actual malice." Cal. Gov. Code § 822.2. Here, Plaintiff admits that Dr. Stirling was a county employee and acting within the scope of his employment at the time the alleged promise was made. (Complaint ¶¶ 6, 19-21.) Plaintiff has no facts demonstrating that Dr. Stirling committed "actual fraud, corruption, or malice." At most, she asserts that Dr. Stirling "forgot" to submit the CPS report. (Complaint ¶ 20.) Thus, governmental immunity protects Dr. Stirling from liability. *Curcini v. Cty. of Alameda*, 164 Cal. App. 4th 629, 649 (2008) (dismissing claim pursuant to section 822.2 because Plaintiff failed to plead facts showing governmental employee was "motivated by corruption or actual malice.") As such, Plaintiff's promissory estoppel claim must be dismissed.

### C. PLAINTIFF'S FOURTH CLAIM FOR BREACH OF CONTRACT FAILS AS A MATTER OF LAW

Plaintiff cannot state a cause of action for breach of contract against Dr. Stirling. To prove a breach of contract claim, Plaintiff must show: (1) the existence of a contract; (2) Plaintiff's performance or excuse for nonperformance; (3) breach by Dr. Stirling; and (4) damages resulting from the breach. *Acoustics, Inc. v. Trepte Construction Co.*, 14 Cal. App. 3d 887, 913 (1971).

Plaintiff cannot demonstrate the existence of a contract between her and Dr. Stirling, just like no other employee could. She merely alleges that the SCVMC Medical Staff Bylaws "constituted a contract between Plaintiff and Defendants." (Complaint ¶ 62.) Plaintiff did not attach the bylaws to her Complaint nor recite terms establishing existence of a contract relevant to this matter. Where a breach of contract claim "is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written

instrument must be attached and incorporated by reference." *Otworth v. S. Pac. Transportation Co.*, 166 Cal. App. 3d 452, 459 (1985). She has neither.

In addition, Plaintiff has alleged no facts establishing either: (1) the terms and conditions of the contract in which she claims to have been breached; or (2) what specific provisions of the contract Dr. Stirling breached such that Plaintiff is entitled to relief. Because she has neither attached the contract nor pled sufficient facts, Dr. Stirling and the Court have no plausible way of determining which portions of the alleged contract were breached.

In fact, SCVMC's Bylaws do not constitute a contract here because they contain no provisions establishing a contractual relationship between the hospital and its medical staff members let alone between Plaintiff and Dr. Stirling. (*See* Mem. Of Points and Auth. ISO of Defendants County of Santa Clara and Drs. Nguyen and Smith's Motions to Dismiss, p. 23:6-24:8.) And even if the Bylaws created a contractual relationship between the SVCMC and Plaintiff, no contractual relationship exists between Plaintiff and Dr. Stirling because Dr. Stirling is not a party to the Bylaws. (*See* Defendants County of Santa Clara and Drs. Nguyen and Smith's Request for Judicial Notice ISO Motion to Dismiss). Where, such as here, there is no privity of contract between the parties, a claim for breach of contract fails as a matter of law. *Howard Contracting, Inc. v. G.A. MacDonald Construction Co.*, 71 Cal. App. 4th 38, 60 (1998) (dismissing breach of contract claim because the parties "were not in privity of contract."); *Oppenheimer v. Gen. Cable Corp.*, 143 Cal. App. 2d 293, 297 (no viable breach of contract claim against a defendant who is not a party to the contract); *Seymour v. Christiansen*, 235 Cal. App. 3d 1168, 1172 (1991) (dismissing breach of contract claim because individual defendants were not parties to the contract). Aside from the Bylaws, which do not apply, Plaintiff has not alleged the existence of a contract between her and Dr. Stirling. Therefore, her breach of contract fails and must be dismissed as a matter of law.

///

///

///

///

**NOTICE OF DEFENDANT JOHN STIRLING, M.D'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**
**(Case No. 5:17-CV-02842-BLF)** 9

## IV. CONCLUSION

For all of the foregoing reasons, Defendant Dr. Stirling respectfully requests the Court grant his Motion in its entirety.

DATED: August 25, 2017                    LAFAYETTE & KUMAGAI LLP


By: */s/ Jasmine L. Anderson*
    JASMINE L. ANDERSON
    Attorneys for Defendant
    JOHN STIRLING, M.D.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court Northern District of California by using the CM/ECF system on August 25, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I declare under penalty of perjury under the law of the State of California and the United States of America that the foregoing is true and correct.

Executed on August 25, 2017, at Oakland, California.


                                           */s/ Denise Taylor*
                                           Denise Taylor