JAMES McMANIS (40958) *jmcmanis@mcmanislaw.com*
TYLER ATKINSON (257997) *tatkinson@mcmanislaw.com*
HILARY WEDDELL (293276) *hweddell@mcmanislaw.com*
JAMES GIACCHETTI (307117) *jgiacchetti@mcmanislaw.com*
McMANIS FAULKNER
50 W. San Fernando Street, 10th Floor
San Jose, CA 95113
Telephone: (408) 279-8700
Facsimile: (408) 279-3244

Attorneys for Plaintiff,
MELISSA EGGE, M.D.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| MELISSA EGGE, M.D.,<br><br>               Plaintiff,<br><br>   vs.<br><br>COUNTY OF SANTA CLARA, a public entity, SANTA CLARA VALLEY MEDICAL CENTER, JOHN STIRLING, M.D., PHOUNG NGUYEN, M.D., JEFFREY SMITH, M.D. and DOES 1-50, inclusive,<br><br>               Defendants. | Case No. 17-CV-02842-BLF<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN STIRLING'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**Fed. R. Civ. P., 8(a), 12(b)(6)**<br><br>Date:        November 16, 2017<br>Time:       9:00 a.m.<br>Ctrm:      3<br>Judge:     Hon. Beth Labson Freeman |

# TABLE OF CONTENTS

OPPOSITION TO MOTION TO DISMISS ................................................................. 1

STATEMENT OF FACTS ....................................................................................... 1

LEGAL ARGUMENT .............................................................................................. 2

I.     THE FACTS ALLEGED SUPPORT PLAUSIBLE LEGAL CLAIMS. ..................... 2

       A.     Pleading Standard ................................................................................. 2

       B.     A Heightened Pleading Standard Does Not Apply .................................. 3

II.    DR. EGGE HAS STATED A CLAIM FOR PROMISSORY ESTOPPEL ................. 4

       A.     Elements Of A Promissory Estoppel Claim ............................................. 4

              1.     Dr. Stirling Made a Clear and Unambiguous Promise to Dr.
                     Egge ............................................................................................ 5

              2.     Dr. Egge's Reliance on Dr. Stirling's Promise was
                     Reasonable and Foreseeable ....................................................... 5

              3.     Equity Requires Enforcement Of Dr. Stirling's Promise................. 6

       B.     The Agreement Was Enforceable Under Penal Code Section
              11166(h) ................................................................................................ 7

       C.     Dr. Egge Has Alleged Damages ............................................................ 8

IV.    DR. EGGE HAS STATED A CLAIM FOR BREACH OF CONTRACT .................... 9

       A.     Elements Of A Breach Of Contract Claim ............................................... 9

              A.     Dr. Egge Alleged the Existence of a Contract ...................... 10

              2.     Dr. Egge Alleged Consideration .......................................... 10

              3.     Dr. Egge Alleged Performance and Breach........................... 11

              4.     Dr. Egge and Dr. Stirling Were in Privity of Contract ........... 11

       B.     Dr. Egge Incorporated By Reference Promissory Estoppel And
              Contract............................................................................................... 12

       C.     Dr. Egge May Plead In The Alternative ................................................ 13

i

IV.     QUALIFIED IMMUNITY IS NOT A GROUND FOR DISMISSAL.........................13

        A.     Government Immunity Is Not A Basis For Dismissal At The
               Pleading Stage..................................................................................13

        B.     Government Code Section 822.2 Does Not Bar Dr. Egge's Claims ................14

V.      LEAVE TO AMEND SHOULD BE GRANTED .........................................15

CONCLUSION...............................................................................................15

**TABLE OF AUTHORITIES**

**Cases**

*Aceves v. U.S. Bank, N.A.*, 192 Cal.App.4th 218 (2011) ................................................................. 6

*Acoustics, Inc. v. Trepte Constr. Co.*, 14 Cal.App.3d 887 (1971) .................................................. 9

*Adobe Sys. Inc. v. A & S Elecs., Inc.*, 153 F. Supp. 3d 1136 (N.D. Cal. 2015) ...................... 9, 11

*Advanced Choices, Inc. v. Dep't of Health Servs.*, 182 Cal.App.4th 1661 (2010) ........................ 8

*Ashcroft v. Iqbal*, 556 U.S. 556 (2009) ..................................................................................... 2, 3

*Bazal v. Belford Trucking Co.*, 442 F.Supp.1089 (S.D. Fla. 1977) ............................................. 12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................................. 2, 3, 9

*Blatt v. University of Southern Calif.*, 5 Cal.App.3d 935 (1970).................................................... 6

*Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F. Supp. 2d 1142 (E.D. Cal. 2009) .......................... 11

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336 (9th Cir. 1996) ........................................................ 2

*Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371 (1990) ............. 11

*City of Geneseo. v. Utilities Plus*, 533 F.3d 608 (8th Cir. 2008) .................................................. 5

*Coprich v. Superior Court,* 80 Cal.App.4th 1081 (2000) .............................................................. 8

*CoStar Realty Info., Inc. v. Field*, 612 F.Supp.2d 660 (D. Md. 2009).......................................... 12

*Curcini v. County of Alameda*, 164 Cal.App.4th 629 (2008) ........................................................ 14

*Diede Const., Inc. v. Monterey Mechanical Co.*, 125 Cal.App.4th 380 (2004)............................. 5

*Div. of Labor Law Enf't v. Transpacific Transportation Co.*, 69 Cal. App. 3d 268 (1977) ........... 6

*Drennan v. Star Paving*, 51 Cal.2d 409 (1958) ............................................................................ 4

*Electrical Const. & Maintenance Co. v. Maeda Pac. Corp.*, 764 F.2d 619 (9th Cir. 1985) ........ 12

*Faulks v. Wells Fargo & Co.*, No. 13-CV-02871-MEJ, 2017 WL 492673, at *7 (N.D. Cal. Feb.

   7, 2017) ....................................................................................................................................... 4

*Fleet v. Bank of America N.A.* 229 Cal.App.4th 1403 (2014) ..................................................... 13

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................ 15

*Frances T. v. Village Green Owners Ass'n*, 42 Cal.3d 490 (1986) ......................................... 9, 11

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F.Supp.2d 1187 (E.D. Cal. 2009)............ 7

1   *Garcia v. World Sav., FSB,* 183 Cal.App.4th 1031 (2010)........................................................... 10

2   *Gateway Rehab & Wellness Ctr., Inc. v. Aetna Health of California, Inc.,* 2013 WL 1518240, at

3      *5 (C.D. Cal. Apr. 10, 2013).......................................................................................................... 4

4   *Graham–Sult v. Clainos,* 756 F.3d 724 (9th Cir. 2014)................................................................ 4

5   *Granadino v. Wells Fargo Bank, N.A.,* 236 Cal. App. 4th 411 (2015)...................................... 5

6   *Groten v. California,* 251 F.3d 844 (9th Cir. 2001)..................................................................... 13

7   *H.W. Stanfield Constr. Corp. v. Robert McMullan & Son, Inc.,* 14 Cal.App.3d 848 (1971) ......... 5

8   *Harlow v. Fitzgerald,* 457 U.S. 800 (1982) ...................................................................................... 3

9   *Hartmann v. California Dep't of Corr. & Rehab.,* 707 F.3d 1114 (9th Cir. 2013) ...................... 3

10  *Jablon v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir. 1980) ........................................................ 14

11  *JMR, Inc. v. Hedderly,* 261 Cal.App.2d 144, 148, (1968) ........................................................... 10

12  *Jones v. Wachovia Bank,* 230 Cal.App.4th 935 (2014) ................................................................... 5

13  *L.B. Lab. Inc v. Mitchell,* 39 Cal.2d 56 (1952) ............................................................................. 10

14  *Landberg v. Landberg,* 24 Cal.App.3d 742 (1972)..................................................................... 3, 4

15  *Los Angeles County v. Farnsworth,* 4 Cal.App.2d 516, (1935).................................................... 10

16  *Mendoza v. Continental Sales Co.* 140 Cal.App.4th 1395 (2006) ............................................... 13

17  *Midland Pac. Bldg. Corp. v. King,* 157 Cal.App.4th 264 (2007) .................................................. 8

18  *Mohamed v. Jeppesen Dataplan, Inc.,* 614 F.3d 1070 (9th Cir. 2010)......................................... 3

19  *Morley v. Walker,* 175 F.3d 756 (9th Cir. 1999).......................................................................... 13

20  *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074 (9th Cir.1990)................................. 15

21  *Nohl v. Del Norte Cty.* 45 Cal.App.306 (1919) ............................................................................. 8

22  *Oasis W. Realty, LLC v. Goldman,* 51 Cal.4th 811 (2011)............................................................ 9

23  *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708 (9th Cir.2001) ................................... 15

24  *Platt Pacific, Inc. v. Andelson,* 6 Cal.4th 307 (1993) .................................................................... 5

25  *Raedeke v. Gibraltar Sav. & Loan Assn.,* 10 Cal.3d 665 (1974) ................................................... 4

26  *Reyes v. Wells Fargo Bank, N.A.,* No. C–10–01667, 2011 WL 30759, at *11 (N.D. Cal. 2011)... 4

27  *Rosal v. First Fed. Bank of California,* 671 F.Supp.2d 1111 (N.D. Cal. 2009) ........................... 4

28  *Samuel Goldwyn, Inc., v. United Artists Corp.,* 35 F.Supp.633 (S.D.N.Y. 1940)....................... 12

PLAINTIFF'S OPPOSITION TO DEFENDANTS COUNTY OF SANTA CLARA, PHUONG NGUYEN, AND
JEFFREY SMITH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; Case No. 17-CV-02842-BLF

*Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777 (9th Cir. 2012) ........................................ 10

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........................................................................... 3

*Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035 (9th Cir. 2010) ............................ 3

*Smith v. City & Cty. of San Francisco*, 225 Cal.App.3d 38 (1990) ....................................... 4

*South v. Wishard*, 165 Cal.App.2d 8 (1958) ..................................................................... 12

*Stonebrae, L.P. v. Toll Bros., Inc.*, No. C08–0221 EMC, 2009 WL 1082067, at *5 (N.D. Cal.

   2009) ........................................................................................................................ 11

*Taylor v. Taylor*, 66 Cal.App.2d 390, 398, (1944) .......................................................... 10

*Treglia v. Kernan*, 2013 WL 4427253, at *3 (N.D. Cal. Aug. 15, 2013) ............................... 13

*Trunov v. Rusanoff,* 2012 WL 6115608, at *3 (N.D. Cal. 2012) ........................................ 13

*US Ecology, Inc. v. State*, 129 Cal.App.4th 887 (2005) ............................................. 6, 8, 9

*Weddington Productions., Inc. v. Flick,* 60 Cal.App.4th 793 (1998) ................................. 10

*Weisbuch v. County of Los Angeles*, 119 F.3d 778 (9th Cir. 1997) .................................. 14

*West v. Hunt Food, Inc.*, 101 Cal. App. 2d 597 (1951) .................................................. 5

*Windham at Carmel Mountain Ranch Assn. v. Superior Court*, 109 Cal.App.4th 1162 (2003) .. 11

**Statutes**


Civil Code section 1605 ...................................................................................... 10

Federal Rule of Civil Procedure 15(a) ................................................................... 15

Government Code section 822.2 ............................................................................ 14

Penal Code section 11166(h) .......................................................................... 7, 8

PLAINTIFF'S OPPOSITION TO DEFENDANTS COUNTY OF SANTA CLARA, PHUONG NGUYEN, AND
JEFFREY SMITH'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; Case No. 17-CV-02842-BLF

**OPPOSITION TO MOTION TO DISMISS**

Defendant, Dr. John Stirling ("Dr. Stirling") trivializes his duties as a mandated reporter by comparing his obligations under the law to a lunch date. This matter does not concern inconsequential facts. Dr. Stirling entered into an agreement with plaintiff, Dr. Melissa Egge ("Dr. Egge") to submit a report of suspected child abuse to Child Protective Services ("CPS"). Dr. Stirling never made the report, and did not inform Dr. Egge of his decision not to do so. Thereafter, a child tragically died from suspected child abuse. Dr. Egge was fired, and her reputation was tarnished. Dr. Stirling's disregard for his legal duties and failure to honor his word resulted in life-altering damage, and form the basis of this case.

**STATEMENT OF FACTS**

Dr. Egge was hired by the County of Santa Clara ("the County") on or about July 1, 2011, as a Child Abuse Pediatrician at the Santa Clara Valley Medical Center ("SCVMC"). (Complaint for Damages ("Complaint"), ¶ 13.) At all relevant times, Dr. Egge reported to Dr. Stirling, the Director of the Center for Child Protection. (*Id*.) On July 3, 2015, Dr. Egge was called by an intern at SCVMC regarding a young boy who sustained fractures in both elbows, allegedly the result of a fall. (*Id*. at ¶¶14-15.) No x-rays were available and Dr. Egge was not asked to examine the child. (*Id*. at ¶ 16.) Based on the information provided to her at that point, Dr. Egge did not have a reasonable suspicion of child abuse, and did not believe a report to CPS was required. (*Id*. at ¶ 15.) Dr. Egge had no further involvement with the boy. (*Id*. at ¶ 16.)

Over the ensuing days, the boy's treating physicians at SCVMC, however, discovered the child had suffered additional bone fractures, and the child ultimately underwent orthopedic surgery. (*Id*. at ¶ 17.) Dr. Stirling consulted on the case while the boy was an inpatient at SCVMC. (*Id*.) Eventually, the child was discharged to go home with his mother. (*Id*.)

In November, 2015, Dr. Stephen Harris, the Chair of the Department of Pediatrics, asked Dr. Egge to do a supplemental review of the case. (*Id*. at 18.) On November 17, 2015, Dr. Egge briefly reviewed the child's records, and discussed the case with Dr. Stirling, as he was the assigned SCAN physician on the case. (*Id*. at ¶ 19.) Dr. Egge recommended that the case be

reported to CPS. (*Id*.) After listening to Dr. Egge's case analysis, Dr. Stirling told Dr. Egge that he would report the case to CPS. (*Id*. at ¶¶ 19, 20, 57, 58.)

Dr. Egge relied on Dr. Stirling's promise to report the case because Dr. Stirling was (1) the SCVMC doctor assigned to the case, (2) a senior physician at SCVMC, (3) a child abuse expert himself, and (4) Dr. Egge's supervisor. (*Id*. at ¶¶ 6, 13, 17-20.) Dr. Stirling knew or should have known Dr. Egge would rely on his representations. (*Id*. at ¶ 58.)

The child died tragically in January, 2016, of suspected child abuse. (*Id*. at ¶ 21.) Thereafter, Dr. Egge reviewed the child's records and discovered for the first time that Dr. Stirling did not report the case to CPS, as Dr. Stirling had promised. (*Id*. at ¶¶ 21, 59, 60.) Dr. Egge was terminated as a result of the broken promise. (*Id*. at ¶¶ 22-27.)

On May 17, 2017, Dr. Egge filed a complaint against Dr. Stirling. Her complaint includes over ten (10) pages of detailed factual allegations in support of her legal claims. Dr. Stirling moves to dismiss Dr. Egge's claims for promissory estoppel and breach of contact for the purported failure to state a claim upon which relief can be granted. Dr. Egge has plead facts sufficient to state both of these claims. The motion to dismiss should be denied.

## LEGAL ARGUMENT

### I.   THE FACTS ALLEGED SUPPORT PLAUSIBLE LEGAL CLAIMS.

#### A.   Pleading Standard.

Federal Rule of Civil Procedure 8(a) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face," particular detail is not necessary. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). On a motion to dismiss, the court must read and construe the complaint in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co*., 80 F.3d 336, 337-338 (9th Cir. 1996). "When there are well pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Facial plausibility" requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121-1122 (9th Cir. 2013). Failure to state a claim is "proper **only** where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation omitted, emphasis added).

Dr. Egge's complaint alleges facts sufficient to show that Dr. Stirling failed to honor his promise to Dr. Egge, resulting in claims for promissory estoppel and breach of contract. Dr. Egge should be permitted to conduct discovery to support her allegations against Dr. Stirling.

### B.  A Heightened Pleading Standard Does Not Apply.

A heightened pleading standard does not apply to Dr. Egge's claims. Critically, in reviewing the sufficiency of a complaint on a motion to dismiss, "before the reception of any evidence either by affidavit or admissions, [the court's] task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982); *see also Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070, 1100 (9th Cir. 2010). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer*, 416 U.S. at 236. A plaintiff need only set forth allegations sufficient to "raise a right to relief above the speculative level," and plead "enough facts to raise a reasonable expectation that discovery will reveal evidence." *Twombly,* 550 U.S. at 545, 556. The central task for courts considering motions to dismiss is to assess whether the complaint "nudge[s] [plaintiff's] claims across the line from the conceivable to plausible." *Id.* at 570.

Dr. Stirling muddies the pleading standard for promissory estoppel. (Defendant John Stirling, M.D.'s Motion to Dismiss, ("Motion to Dismiss,") 4:13-19; 5:1-11.) Although the court in *Landberg v. Landberg*, 24 Cal.App.3d 742 (1972) states that a party advancing a claim for

promissory estoppel must "prove its dominant essentials," the court's holding does not apply at the pleading stage. There, the court did not consider whether promissory estoppel was sufficiently plead; rather, the court addressed the claim after the pleading stage stating that "whether estoppel exists is a question of fact," and that "it is incumbent upon one who advances it to prove its dominant essentials [with evidence], leaving nothing to surmise or questionable inference." *Id.* at 758–759, (1972) (citations omitted). The court in *Rosal v. First Fed. Bank of California*, 671 F.Supp.2d 1111 (N.D. Cal. 2009) also did not apply a heightened pleading standard requiring claims to be "specifically plead." There, the court merely found that plaintiff's "promissory estoppel claim fail[ed] to satisfy the minimal notice pleading requirements" where no facts where alleged to establish the elements of the claim. *Id.* at 1130. Similarly, the courts in *Smith v. City & Cty. of San Francisco*, 225 Cal.App.3d 38, 48 (1990) and *Gateway Rehab & Wellness Ctr., Inc. v. Aetna Health of California, Inc.*, 2013 WL 1518240, at *5 (C.D. Cal. Apr. 10, 2013) remarked that a plaintiff must allege facts to meet all of the essential elements of a claim at the pleading stage of a case. As discussed in detail below, Dr. Egge alleges facts sufficient to state a claim for promissory estoppel and breach of contract.

## II.   DR. EGGE HAS STATED A CLAIM FOR PROMISSORY ESTOPPEL.

### A.   Elements Of A Promissory Estoppel Claim.

Promissory estoppel is a valid claim where there is a relied upon promise, even when consideration sufficient to form a contract is absent. "Where consideration is lacking, a contract may nonetheless be enforceable under the doctrine of promissory estoppel." *Reyes v. Wells Fargo Bank, N.A.*, No. C–10–01667, 2011 WL 30759, at *11 (N.D. Cal. 2011); *Raedeke v. Gibraltar Sav. & Loan Assn.*, 10 Cal.3d 665 (1974). Promissory estoppel is plead by alleging (1) a promise, (2) reasonably foreseeable reliance, for which (3) injustice may only be avoided by enforcement. *Drennan v. Star Paving*, 51 Cal.2d 409 (1958); *Graham–Sult v. Clainos*, 756 F.3d 724, 749 (9th Cir. 2014); *Faulks v. Wells Fargo & Co.*, No. 13-CV-02871-MEJ, 2017 WL 492673, at *7 (N.D. Cal. Feb. 7, 2017).

///

1          1.    Dr. Stirling Made a Clear and Unambiguous Promise to Dr. Egge.

2          A claim for promissory estoppel requires a clear and unambiguous promise.  A plaintiff

3   must allege "[a] promise which the promisor should reasonably expect to induce action or

4   forbearance of a definite and substantial character on the part of the promise[.]" *Diede Const.,*

5   *Inc. v. Monterey Mechanical Co.*, 125 Cal.App.4th 380, 385 (2004).  A "promise" is an

6   assurance.  *Granadino v. Wells Fargo Bank, N.A.*, 236 Cal. App. 4th 411 (2015).  Lack of mutual

7   assent is "immaterial" to promissory estoppel, because the claim "is not premised upon the

8   existence of an enforceable contract."  *H.W. Stanfield Constr. Corp. v. Robert McMullan & Son,*

9   *Inc.*, 14 Cal.App.3d 848 (1971).

10         Dr. Egge alleges that Dr. Stephen Harris, the Chair of the Department of Pediatrics, asked

11  Dr. Egge to do a supplemental review a child's case.  (Complaint, ¶ 18.)  On November 17,

12  2015, Dr. Egge reviewed the child's records, and discussed the case with Dr. Stirling, as he was

13  the assigned physician on the case.  (*Id*. at ¶ 19.)  Dr. Egge recommended a report be made to

14  CPS.  (*Id*.)  Dr. Stirling told Dr. Egge that he would report the case to CPS.  (Complaint, ¶¶ 19,

15  20, 57, 58.)  Dr. Egge reported the agreement to Dr. Harris.  (*Id*. at ¶ 19.)  Dr. Stirling promised

16  to report the case to CPS.  His promise was clear and unambiguous.

17         2.    Dr. Egge's Reliance on Dr. Stirling's Promise was Reasonable and
             Foreseeable.
18
          Reliance is a substitute for consideration.  *Platt Pacific, Inc. v. Andelson,* 6 Cal.4th 307,
19
    320 (1993).  Reliance is reasonable where it is shown that the promisor intended to induce
20
    reliance.  *West v. Hunt Food, Inc.*, 101 Cal. App. 2d 597 (1951).  Promissory estoppel binds a
21
    promissor "when he should reasonably expect a substantial change of position … in reliance on
22
    his promise ….  The vital principle is that he who by his language or conduct leads another to do
23
    what he would not otherwise have done shall not subject such person to loss or injury by
24
    disappointing the expectations upon which he acted." *Jones v. Wachovia Bank,* 230 Cal.App.4th
25
    935 (2014).  **Whether reliance was reasonable is a factual question not appropriate for**
26
    **resolution on a motion to dismiss**.  *See City of Geneseo. v. Utilities Plus,* 533 F.3d 608, 617
27
    (8th Cir. 2008) ("Whether a party's reliance is reasonable is ordinarily a fact question for the jury
28

unless the record reflects a complete failure of proof"); *Div. of Labor Law Enf't v. Transpacific Transportation Co.*, 69 Cal.App.3d 268, 275-76 (1977) (noting the existence of the elements of promissory estoppel constitute a question of fact).

Dr. Egge alleges that she reasonably relied on Dr. Stirling's promise to report suspected child abuse because Dr. Stirling was (1) the SCVMC doctor assigned to the case, (2) a senior physician at SCVMC, (3) a child abuse expert himself, and (4) Dr. Egge's supervisor. (Complaint, ¶¶ 6, 13, 17-20.) Dr. Egge alleges that Dr. Stirling knew or should have known "that plaintiff would be reasonably induced to rely on Dr. Stirling's promise and representation." (*Id*. at ¶ 58.) Unlike in *Gateway*, *supra*, Dr. Egge has plead specific facts showing that her reliance on Dr. Stirling's promise was reasonable. In line with what the courts in *Rosal* and *Smith*, *supra*, cautioned against, Dr. Egge has not presented "vague and conclusory allegations" which are susceptible to a motion to dismiss. Dr. Egge's factual allegations are sufficient to plead reasonable reliance.

Dr. Stirling argues that Dr. Egge failed to allege "any facts that would establish she relied on Dr. Stirling's purported promise." (Motion to Dismiss, 5:12-13.) In particular, Dr. Stirling complains that Dr. Egge "does not allege what actions she did or did not take in reliance on the statements or that she reasonably changed her position in reliance thereof." (Motion to Dismiss, 5:14-16.) Dr. Stirling concludes that "because Plaintiff fails to allege any facts demonstrating reliance, the promissory estoppel claim should be dismissed." (Motion to Dismiss, 5:24-25.) To the contrary, Dr. Egge plead that she did not report the case to CPS because Dr. Stirling promised to do so. (Complaint, ¶¶ 18, 19, 20.) Dr. Egge alleged reasonable reliance.

3.  Equity Requires Enforcement of Dr. Stirling's Promise.

Equity demands enforcement of Dr. Stirling's promise. *Div. of Labor Law Enf't,* 69 Cal.App.3d at 275; *Drennan,* 51 Cal.2d at 409. This element is met by showing substantial reliance and detriment. *Blatt v. University of Southern Calif.*, 5 Cal.App.3d 935 (1970). Dr. Egge must plead that her reliance on the promise caused her injury. *Aceves v. U.S. Bank, N.A.*, 192 Cal.App.4th 218 (2011); *US Ecology, Inc. v. State*, 129 Cal.App.4th 887, 909 (2005).

1    Dr. Egge's allegations establish substantial and detrimental reliance.  Dr. Egge alleges

2    that she reasonably relied on Dr. Stirling's promise.  (Complaint, ¶¶ 6, 13, 17-20.)  Dr. Egge

3    learned that Dr. Stirling did not report the case to CPS, as Dr. Stirling had promised, only after

4    the child's tragic death.  (*Id.* at ¶¶ 21, 59, 60.)  As a result of the failure to report, Dr. Egge was

5    terminated by SCVMC.  (Id at ¶ 25.)  But for Dr. Stirling's inexcusable failure to keep his

6    promise, Dr. Egge would still have a job, and her good name and professional reputation would

7    remain intact.  Justice cannot allow Dr. Stirling to avoid liability for causing such severe harm.

8    **B.        The Agreement Was Enforceable Under Penal Code Section 11166(h).**

9          Penal Code section 11166(h) provides that "[w]hen two or more persons, who are

10   required to report, jointly have knowledge of a known or suspected instance of child abuse or

11   neglect, and when there is agreement among them, the telephone report may be made by a

12   member of the team selected by mutual agreement and a single report may be made and signed

13   by the selected member of the reporting team. Any member who has knowledge that the member

14   designated to report has failed to do so shall thereafter make the report."  Penal Code section

15   11166 allows mandated reporters submit one report for an instance of suspected child abuse.

16   *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F.Supp.2d 1187, 1206 (E.D. Cal. 2009)

17   (where a group of mandated reporters know or reasonably suspect abuse, then the group may

18   select one person to make the report).

19          Dr. Stirling's failure to honor such an agreement gives rise to this action. (Complaint, ¶¶

20   18, 19, 20.) Dr. Egge and Dr. Stirling were permitted by law to agree to submit a joint report, and

21   did so.  (*Id*.)  The fact that joint reports are permitted under the law bolsters the reasonableness of

22   Dr. Egge's reliance on Dr. Stirling's promise.  Dr. Stirling knew or should have known that Dr.

23   Egge would be reasonably induced to rely on his promise and representation that he would

24   submit the report.  (*Id*. at ¶ 58.)  Dr. Stirling reaffirmed the agreement on December 22, 2015, by

25   assuring Dr. Egge that he would report the incident that evening.  (*Id*. at ¶ 20.)  It was only after

26   the child died tragically in January, 2016, of suspected child abuse that Dr. Egge discovered that

27   Dr. Stirling did not report the case to CPS.  (*Id*. at ¶¶ 21, 59, 60.)  Dr. Egge did not know that Dr.

28

Stirling would not submit the CPS report as promised, and therefore, did not have a duty to report independent of her agreement.

Dr. Stirling contends that Dr. Egge's claim should be dismissed because Dr. Egge had an independent duty to report suspected child abuse to CPS, and therefore, her reliance on Dr. Stirling's promise was unreasonable. (Motion to Dismiss, 5:26-28, 6:10-28, 7:1-2.) Dr. Stirling fundamentally misapprehends the law. As discussed above, Penal Code section 11166 expressly permits agreements such as the one entered into by Dr. Egge and Dr. Stirling. The court's decision in *Advanced Choices, Inc. v. Dep't of Health Servs.*, 182 Cal.App.4th 1661 (2010) is not helpful to Dr. Stirling. There, the court reviewed a petition that appealed the substantive findings of an administrative law judge. *Id.* at 1665-1666, 1671-1672. The court recited the elements of a promissory estoppel claim, and determined that the administrative law judge did not err in rejecting the claim on its merits. *Id.* *Advanced Choices* does not address the sufficiency of a pleading for purposes of a motion to dismiss, or Penal Code section 11166.

### C. Dr. Egge Has Alleged Damages.

Dr. Egge must allege damages "just as in ordinary contract actions." *US Ecology*, 129 Cal.App.4th 904. It is sufficient to allege "general damages." *Nohl v. Del Norte Cty.* 45 Cal.App.306, 309 (1919) (citation omitted). The fact of damages are matters of proof, not pleading; they cannot be decided at the pleading stage and "do not preclude a cause of action based on contract." *Coprich v. Superior Court,* 80 Cal.App.4th 1081, 1092 (2000). Evidence of damages is not "an element of a cause of action …." *Midland Pac. Bldg. Corp. v. King*, 157 Cal.App.4th 264, 275 (2007) (citation omitted).

Dr. Egge alleged she was harmed as a proximate result of Dr. Stirling's failure to honor his agreement to report suspected child abuse to CPS. (Complaint, ¶ 66.) Dr. Egge was terminated from her employment at SCVMC, and her reputation was tarnished so as to impede her ability to obtain similar employment in the future, because of Dr. Stirling's unjustified failure to report suspected child abuse, as he agreed. (*Id.* at ¶¶ 18, 19, 20, 25, 27, 33, 35, 42, 62, 65.) Dr. Stirling's failure to submit the report was a substantial factor in causing Dr. Egge damage.

1         Dr. Stirling miscites *US Ecology,* 129 Cal.App.4th 887 in reference to pleading damages.

2    There, the court held that the equitable nature of a promissory estoppel claim allows a court

3    discretion to "fashion (or deny) relief as justice dictates…Thus, in a promissory estoppel case

4    where the actions of a third party, not the breaching party, cause a plaintiff's damages, a court

5    acts well within its discretion in denying the promissory estoppel claim." *Id*. at 905.  The court

6    in *US Ecology* did not evaluate whether causation as to damages was properly alleged at the

7    pleading stage.  The issue of damages was addressed after the merits of the case.  The court held

8    that "[t]he test for causation in a breach of contract (or promissory estoppel) action is whether the

9    breach was a substantial factor in causing the damages." *Id*. at 909.  Dr. Egge has plead

10   damages.

11   **III.   DR. EGGE HAS STATED A CLAIM FOR BREACH OF CONTRACT.**

12        **A.   <u>Elements Of A Breach Of Contract Claim</u>.**

13        The allegations necessary for contract are the same as promissory estoppel, with the

14   additional requirement of consideration.  *US Ecology*, 129 Cal.App.4th at 903.  Dr. Egge has

15   plead the essential elements to a claim for breach of contract: (1) the contract, (2) performance,

16   (3) breach, and (4) damages.  *Oasis W. Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011).  It

17   is sufficient to generally allege the substance of a contract to survive a motion to dismiss.  *Adobe

18   Sys. Inc. v. A & S Elecs., Inc.*, 153 F.Supp.3d 1136, 1146 (N.D. Cal. 2015), *citing Frances T. v.

19   Village Green Owners Ass'n*, 42 Cal.3d 490, 511 (1986).  Requiring more would be "at odds

20   with Supreme Court authority requiring only that the pleadings provide 'fair notice' of the claim

21   being asserted and the grounds upon which it rests." *Id. citing Twombly,* 550 U.S. at 555.

22        Contrary to Dr. Stirling's allegation, Dr. Egge is not required to "prove a breach of

23   contract claim" at the pleading stage.  (Motion to Dismiss, 8:17-19.)  The case cited in support of

24   this contention by Dr. Stirling, *Acoustics, Inc. v. Trepte Constr. Co*., 14 Cal.App.3d 887, 913

25   (1971) discusses pleading and proof required to recover at trial; it does not address the pleading

26   standard for contract.

27   ///

28

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN STIRLING'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; Case No. 17-CV-02842-BLF

1            1.     <u>Dr. Egge Alleged the Existence of a Contract</u>.

2       A contract is an agreement to do something. *L.B. Lab. Inc v. Mitchell,* 39 Cal.2d 56, 62

3 (1952). Consent is shown by offer and acceptance. *Weddington Productions., Inc. v. Flick,* 60

4 Cal.App.4th 793, 811 (1998). The offer must be specific enough that its acceptance creates a

5 complete contract. *Sateriale v. R.J. Reynolds Tobacco Co.,* 697 F.3d 777, 789 (9th Cir. 2012).

6 Only where pleadings do "not provide a basis for determining…obligations," is no contract

7 alleged. *Garcia v. World Sav., FSB,* 183 Cal.App.4th 1031, 1045 (2010).

8       Dr. Egge's complaint alleges the existence of a contract. Dr. Egge alleges that she spoke

9 to Dr. Stirling about reporting the case to CPS. (Complaint, ¶ 19.) Dr. Stirling agreed to file the

10 CPS report. (*Id*.) Dr. Egge emailed Dr. Harris that same day to inform him Dr. Stirling was

11 going to report the matter to CPS. (*Id*.) On December 22, 2015, Dr. Stirling affirmed his

12 promise to report the case to CPS. (*Id*. at ¶ 20.) These factual allegations show specific

13 obligations sufficient to allege the existence of an enforceable obligation.

14            2.     <u>Dr. Egge Alleged Consideration</u>.

15       Consideration is an essential element of a contract. Civ. Code, § 1550. However, the

16 existence of consideration is an issue of evidence and proof, not pleading. *Los Angeles County v.*

17 *Farnsworth,* 4 Cal.App.2d 516, 525 (1935). Any benefit conferred or detriment suffered can

18 serve as consideration, as long as it is lawful. Civ. Code, § 1605. Consideration may be by an

19 act, forbearance to act, or promise. Civ. Code, §§ 1605-1615. Courts do not weigh sufficiency

20 of consideration. *JMR, Inc. v. Hedderly*, 261 Cal.App.2d 144, 148, (1968); *Taylor v. Taylor*, 66

21 Cal.App.2d 390, 398, (1944) ("Any valid though slight consideration will support the most

22 onerous obligation"). As shown above, Dr. Egge and Dr. Stirling agreed that Dr. Stirling would

23 report the suspected child abuse to CPS. In reliance on this promise, Dr. Egge agreed not to

24 report the suspected child abuse to CPS. (Complaint, ¶ 19.) The agreement was supported by

25 consideration.

26 ///

27 ///

28

3. <u>Dr. Egge Alleged Performance and Breach</u>.

Performance and breach may be alleged generally. *Adobe Sys. Inc. v. A & S Elecs., Inc.,* 153 F.Supp.3d 1136, 1146 (N.D. Cal. 2015), *citing Careau & Co. v. Security Pacific Business Credit, Inc.,* 222 Cal.App.3d 1371, 1389 (1990). It is sufficient to generally allege the substance of a contract to survive a motion to dismiss. *Id.,* *citing Frances T. v. Village Green Owners Ass'n,* 42 Cal.3d 490, 511 (1986). Moreover, "whether a party has performed as required by a contract, or breached it, is a question of fact." *Britz Fertilizers, Inc. v. Bayer Corp.,* 665 F.Supp.2d 1142, 1161 (E.D. Cal. 2009), *citing Stonebrae, L.P. v. Toll Bros., Inc.,* No. C08–0221 EMC, 2009 WL 1082067, at *5 (N.D. Cal. 2009) ("Ordinarily, whether a party has performed as required under a contract is a question of fact for a jury, not a judge, to decide").

Dr. Egge has plead performance and breach of the contract. Dr. Egge did not report the suspected child abuse to CPS because of Dr. Stirling's promise to do so. (Complaint, ¶¶ 18, 19, 20.) Dr. Stirling did not submit the agreed-upon report to CPS. (*Id.* at ¶ 21.) This was a breach of their agreement.

4. <u>Dr. Egge and Dr. Stirling Were in Privity of Contract</u>.

Dr. Stirling argues that no privity of contract existed between Dr. Stirling and Dr. Egge as to the SCVMC Bylaws. (Motion to Dismiss, 9:8-24.) "[T]he term 'privity' itself appears to be of uncertain origin and meaning and to have been developed by the courts and applied in various contexts…. One of the customary definitions is that 'privity' denotes mutual or successive relationship to the same thing or right of property; it implies succession." *Windham at Carmel Mountain Ranch Assn. v. Superior Court,* 109 Cal.App.4th 1162, 1169–1170 (2003) (citation and quotation omitted). It is unclear how the privity of contract cases cited by Dr. Stirling apply in this context. To the extent Dr. Stirling intends his use of the term "privity of contract" to mean there is "no viable claim against a Dr. Stirling who is not a party to a contract," (Motion to Dismiss, 9:19-20), Dr. Egge has shown that a contractual relationship existed between her and Dr. Stirling as to the agreement to report suspected child abuse to CPS. Privity of contract existed between Dr. Egge and Dr. Stirling. Dr. Stirling's authorities are apparently cited to

support the contention that no privity of contract exists where individuals are not parties to a contract. (Motion to Dismiss, 9:15-22.) The contract alleged here was an oral agreement to report suspected child abuse to CPS. Privity of contract as to this agreement existed between Dr. Egge and Dr. Stirling.

### B.    Dr. Egge Incorporated By Reference Promissory Estoppel And Contract.

Dr. Egge incorporated by reference the factual allegations giving rise to her claim for promissory estoppel into her claim for contract. Where the basis for a promissory estoppel claim and a breach of contract claim arise out of same properly plead facts, a plaintiff may assert both claims, even though not specifically alleged in the complaint. *Electrical Const. & Maintenance Co. v. Maeda Pac. Corp*., 764 F.2d 619 (9th Cir. 1985); *Samuel Goldwyn, Inc., v. United Artists Corp.,* 35 F.Supp.633, 636 (S.D.N.Y. 1940); *CoStar Realty Info., Inc. v. Field*, 612 F.Supp.2d 660, 673, n. 7 (D. Md. 2009); *Bazal v. Belford Trucking Co*., 442 F.Supp.1089, 1098 (S.D. Fla. 1977) (Where allegations comprising the first count of plaintiff's complaint stated a contract claim and a tort claim, the latter being an outgrowth of the former, plaintiff was not required to separate claims into two independent counts, because circumstances underlying both claims were similar, if not identical); *South v. Wishard*, 165 Cal.App.2d 8, 16 (1958) (Allegations contained in first count of complaint, which were incorporated by reference into succeeding counts, would be considered as being included in those counts in determining sufficiency of complaint to state cause of action).

Paragraphs 55 through 60 of Dr. Egge's Complaint state a cause of action for promissory estoppel. (Complaint, ¶¶ 55-60.) These paragraphs are incorporated by reference into the successive cause of action for breach of contract. (*Id*. at ¶¶ 61-66.) Dr. Stirling's argument that "Plaintiff has not alleged the existence of a contract between her and Dr. Stirling," fails. (Motion to Dismiss, 9:22-24.) Dr. Egge incorporated the facts setting out her claim for promissory estoppel into her claim for breach of contract. Dr. Stirling fundamentally misunderstands Dr. Egge's breach of contract claim against Dr. Stirling, which is based on the oral agreement between Dr. Stirling and Dr. Egge with respect to the reporting of the suspected child abuse case.

C.    **Dr. Egge May Plead In The Alternative**.

Plaintiff pleads promissory estoppel and contract in the alternative.  It is well established that civil litigants may assert alternative causes of action.  *Rowland v. JPMorgan Chase Bank,* 2014 WL 992005, at *6 (N.D. Cal. 2014) (allowing plaintiffs to plead both promissory estoppel and breach of contract, "[b]ecause the validity and terms of the contract may be disputed, Plaintiffs may plead their claims in the alternative . . . ."); *Trunov v. Rusanoff,* 2012 WL 6115608, at *3 (N.D. Cal. 2012) ("Rusanoff may plead theories in the alternative in his counterclaim. The facts alleged that support the existence of an oral contract do not preclude a claim of promissory estoppel"); *Fleet v. Bank of America N.A*. 229 Cal.App.4th 1403, 1413 (2014).  "[T]he modern practice allows that party to plead in the alternative and make inconsistent allegations."  *Mendoza v. Continental Sales Co*. 140 Cal.App.4th 1395, 1402 (2006).

IV.    **QUALIFIED IMMUNITY IS NOT A GROUND FOR DISMISSAL**.

A.    **Government Immunity Is Not A Basis For Dismissal At The Pleading Stage**.

It would be improper for the Court to grant Dr. Stirling's motion to dismiss on the basis of government immunity at the pleading stage.  In assessing a qualified immunity defense on a motion to dismiss, a court must "regard all of the allegations in [the] complaint as true." *Hernandez, supra,* 2017 WL 977047, at *11, *citing Morley v. Walker*, 175 F.3d 756, 761 (9th Cir. 1999).  A court should deny a motion to dismiss on the basis of qualified immunity if the complaint "allege[s] acts to which qualified immunity may not apply."  *Id*., *citing Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).  Under this standard, it is impossible to determine based on a complaint alone that qualified immunity is warranted.  *Id*., *citing Morley,* 175 F.3d at 761.  In such circumstances, a court may deny a qualified immunity defense without prejudice and after further factual development a defendant may re-raise the qualified immunity issue "at summary judgment or at trial."  *Id*.; *see also Treglia v. Kernan*, C-12-2522-LHK, 2013 WL 4427253, at *3 (N.D. Cal. Aug. 15, 2013) (denying a motion to dismiss based on qualified immunity without prejudice).  Dr. Egge's claim for promissory estoppel may not be subject to government immunities.  Dismissal would be premature at this stage.  *Groten*, 251 F.3d at 851.

1         Dr. Stirling's legal authorities do not support his contention that an action may be

2    dismissed on the basis of government immunity at the pleading stage. *Jablon v. Dean Witter &*

3    *Co*., 614 F.2d 677 (9th Cir. 1980) holds only that a statute of limitations defense may be raised

4    by motion to dismiss where the running of the statute is apparent on the face of a complaint.

5    *Jablon,* 614 F.2d at 682. There, the court explained that a motion to dismiss "for failure to state

6    a claim can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts

7    in support of his or her claim…When a motion to dismiss is based on the running of the statute

8    of limitations, it can be granted only if the assertions of the complaint, read with the required

9    liberality, would not permit the plaintiff to prove that the statute was tolled." *Id*. (citations

10   omitted). In *Weisbuch v. County of Los Angeles*, 119 F.3d 778, (9th Cir. 1997), the court

11   considered a case involving political speech of public officers where the district court granted a

12   motion to dismiss based on a *Pickering* balancing analysis. The court held that although "[i]n

13   many cases, factual development is necessary, so the balancing cannot be performed on a

14   12(b)(6) motion," in the case before it, dismissal was proper because the plead facts established

15   that the plaintiff could not prevail on a First Amendment claim. *Id*. at 783. These authorities do

16   not stand for the proposition that government immunity is a valid basis for dismissal at this

17   juncture.

18       **B.**    <u>**Government Code Section 822.2 Does Not Bar Dr. Egge's Claims**</u>.

19        Dr. Stirling asserts that Government Code section 822.2 immunizes him from suit.

20   (Motion to Dismiss, 8:2-6.) Dr. Stirling misapplies Government Code section 822.2, which

21   provides that a government employee "acting in the scope of his employment is not liable for an

22   injury caused by his misrepresentation, whether or not such misrepresentation be negligent or

23   intentional, unless he is guilty of actual fraud, corruption or actual malice." Gov't. Code, §

24   822.2. Dr. Stirling also cites *Curcini v. County of Alameda*, 164 Cal.App.4th 629 (2008) to

25   support his contention. However, that case makes clear that Government Code section 822.2

26   applies to "fraud-based causes of action." *Id*. at 648.

27   ///

28

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN STIRLING'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; Case No. 17-CV-02842-BLF

1    These authorities do not concern claims for promissory estoppel or breach of contract,

2    nor do they address whether government immunity provides a basis to dismiss at the pleading

3    stage.  Dr. Egge has not brought a tort claim for intentional or negligent misrepresentation.  Her

4    claims sound in contract for promissory estoppel (claim at equity) and breach of contract (claim

5    at law).  Government Code section 822.2 does not immunize Dr. Stirling from these claims.

6    **V.    LEAVE TO AMEND SHOULD BE GRANTED.**

7        Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be

8    "freely given when justice so requires."  This policy is "to be applied with extreme liberality."

9    *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) *quoting Morongo*

10   *Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  The U.S. Supreme Court

11   determined that "[i]n the absence of…undue delay, bad faith or dilatory motive…undue

12   prejudice…futility of amendment…the leave sought should…be freely given."  *Foman v. Davis*,

13   371 U.S. 178, 182 (1962).  Dr. Egge requests leave to amend to the extent the Court views Dr.

14   Egge's complaint deficient.

15                            **CONCLUSION**

16       Dr. Egge has met her pleading burden.  Dr. Stirling's motion should be denied.

17

18   Dated:  October 6, 2017                 McMANIS FAULKNER

19

20                                           /s/ James McManis
                                             _____
                                             JAMES McMANIS

21                                           TYLER ATKINSON
                                             HILARY WEDDELL

22                                           JAMES GIACCHETTI

23                                           Attorneys for Plaintiff,
                                             MELISSA EGGE, M.D.

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANT JOHN STIRLING'S MOTION TO DISMISS PLAINTIFF'S
COMPLAINT; Case No. 17-CV-02842-BLF